UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:18-CR-17-REW-HAI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| TIMOTHY HAVENS, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The Court issues this brief memorandum opinion to outline its remand scope conclusion,

for record-clarity purposes.[1] The Court originally sentenced Defendant Timothy Havens in April

2019, finding him ineligible for the First Step Act's broadened statutory safety valve, due to the

date of guilty plea acceptance in this case. DE #37 (Judgment); DE #39 (Mem. Op. & Order). The

Court thus imposed the mandatory minimum incarceration term (120 months), as it felt constrained

to do for the reasons discussed in DE #39, but announced the alternative sentence (84 months) it

otherwise would have selected, had the safety valve applied. *See* DE #39; DE #41-1 (Statement of

Reasons). The Court encouraged Defendant to appeal the safety valve determination—an issue of

first impression at the time—and Defendant did so. DE #40 (Notice of Appeal).

The sole issue raised on appeal was whether, as a timing matter, Havens could benefit from

expanded § 3553(f); the question hinged on interpretation of the word "conviction" as used in

---

[1] An appellate court "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court . . . and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106. The scope of remand, a legal issue, defines the issues for lower court consideration in any further proceedings. *See, e.g.*, *United States v. Moore*, 131 F.3d 595, 597–98 (6th Cir. 1997).

§ 402(b) of the First Step Act.[2] As they had before this Court, both sides argued on appeal that

"conviction" corresponded with the date of final judgment (as opposed to the date of a guilty plea

or verdict), and, thus, § 402(b) covered Havens's case.[3] *See United States v. Havens*, No. 19-5413

(6th Cir. 2019), E.C.F. Nos. 15 (Appellant Br.) & 24 (Appellee Br.). The United States further

expressly moved to "remand for resentencing so that the district court can apply the safety valve

of § 3553(f) as amended by the First Step Act." *Id.*, E.C.F. No. 17 (Motion) at 5. In doing so, the

Government "concede[d] error[,]" agreeing "with Havens that the district court incorrectly held

that he was ineligible for safety valve relief." *Id.*, E.C.F. No. 17 at 1. The Circuit referred the

Government's vacatur / remand request to a merits panel, and the assigned merits panel granted

the motion, stating (in full) as follows:

> Timothy Havens pleaded guilty to possessing with intent to distribute 50 grams or
> more of methamphetamine, 21 U.S.C. § 841(a)(1), on October 4, 2018. The district
> court sentenced him to 120 months' imprisonment on April 15, 2019. The
> government confesses error and moves for a remand to the district court for
> resentencing in light of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194
> (2018).
>
> The motion is **GRANTED** and the case is **REMANDED** for resentencing under
> § 402(b) of the First Step Act.

*Id.*, E.C.F. No. 26-2 (Order) at 1 (emphasis in original).

As it pertained to resentencing, the Government urged the Court to construe E.C.F No. 26-

2 as a general remand, permitting *de novo* resentencing.[4] Defendant, advocating a limited remand

---

[2] The section provides: "APPLICABILITY.—The amendments made by this section [broadening
the existing safety valve] shall apply only to a conviction entered on or after the date of enactment
of this Act." § 402(b), Pub. L. No. 115-391, 132 Stat. 5194, 5221 (2018)).

[3] Havens pleaded guilty (and the Court accepted his plea) before First Step Act passage, but the
Court originally sentenced Havens and imposed judgment in this case after the Act became law.

[4] At Havens's resentencing hearing, the Court noted (without deciding the issue) that, per the case
law, it is unclear whether a general remand *requires*, or merely *allows*, fully *de novo* resentencing.
*See, e.g., United States v. Stout*, 599 F.3d 549, 554 (6th Cir. 2010) ("Under a general remand, the
district court is allowed to conduct a *de novo* resentencing[.]"); *United States v. Obi*, 542 F.3d 148,

construction, argued that the appellate mandate required the Court to simply resentence Havens

with the benefit of the expanded safety valve, absent consideration of any new evidence or other

issues.[5] "In the absence of an explicit limitation, the remand order is presumptively a general one."

*United States v. Stout*, 599 F.3d 549, 555 (6th Cir. 2010) (quoting *Moore*, 131 F.3d 595, 598 (6th

Cir. 1997)). "Consequently, to impose a limited remand, an appellate court must sufficiently

outline the procedure the district court is to follow." *United States v. Campbell*, 168 F.3d 263, 268

(6th Cir. 1999). "The chain of intended events should be articulated with particularity[,]" and "[t]he

language used to limit the remand should be, in effect, unmistakable." *Id.* In evaluating intended

remand scope, context is key; the Court must "consider the specific language used in the context

of the entire opinion or order" and the broader appellate record. *United States v. Richardson*, 948

F.3d 733, 739 (6th Cir. 2020) (citation omitted).

The full appellate record demonstrates that safety valve applicability was the sole, discrete

issue on appeal. Both parties' briefs focused on the § 3553(f) / § 402(b) issue. Revisiting this

isolated determination impacted no other sentencing aspect; reversing the safety valve result left

the sentence remainder fully intact, as a subject of previous analysis. That the Court could (and

---

153 (6th Cir. 2008) ("The sentencing court construed the appellate mandate as representing a general remand, which permitted the court to conduct a *de novo* sentencing hearing."); *Moore*, 131 F.3d at 597 ("A general remand allows the district court to resentence the defendant *de novo*, which means that the district court may redo the entire sentencing process including considering new evidence and issues."); *but see United States v. Garcia-Robles*, 640 F.3d 159, 166 (6th Cir. 2011) ("[T]he remand was general as it contained no express limitation, thereby requiring the district court to conduct resentencing *de novo*[.]") (footnote omitted); *United States v. Jennings*, 83 F.3d 145, 151 (6th Cir.), *as amended on denial of reh'g and reh'g en banc*, 96 F.3d 799 (6th Cir. 1996) ("Where the remand does not limit the District Court's review, sentencing is to be *de novo*.").
[5] The limited / general remand distinction was critical in this case, as intervening state convictions (that occurred between original sentencing and resentencing), if considered and counted to enhance Havens's criminal history score, would have disqualified Havens from even expanded safety valve relief. The charges all were **pending** at the prior sentencing, but the convictions occurred in the interim.

did) construct a complete, alternative sentence for Havens at the original proceeding—with § 3553(f) application as the only conditional toggle—underscores such. Limited remand is thus a particularly appropriate fit in these circumstances. *Cf. Campbell*, 168 F.3d at 268 ("When this court issues a limited remand, it must make certain that reconsideration of the issues remanded will not alter the proper calculation of other sentencing variables outside the scope of the remand . . . "[T]he delicate balancing that occurs in the sentencing process . . . leads this court to believe that limited remands are less likely to be desirable or effective when multiple issues require reconsideration."). The appellate issue here did not involve pulling one ingredient from an intermixed analysis of sentencing considerations; rather, the safety valve vel non dictated between one of two alternative results.

The language used further demonstrates Circuit intent to limit resentencing scope. The United States explicitly sought remand for resentencing "so that the district court c[ould] apply the safety valve of § 3553(f) as amended by the First Step Act." *Havens*, No. 19-5413, E.C.F. No. 17 (Motion) at 5. The Circuit, via succinct Order, granted that motion—awarding the precise relief sought—without qualification or additional discussion.[6] Further, even in its short Order, the Circuit twice expressly noted the specific, cabined remand basis. *See id.*, E.C.F. No. 26-2 at 1 (recognizing that the United States sought "a remand to the district court for resentencing *in light of the First Step Act*") (emphasis added); *id.* (granting the motion and remanding "for resentencing *under § 402(b) of the First Step Act*") (emphasis added). These unequivocal references to the precise, discrete issue at hand—First Step Act applicability and, more specifically, § 402(b)

---

[6] The Court tangentially observes that the Circuit did not explicitly vacate this Court's sentence. That choice, to the extent it illuminates Circuit intent, suggests directed modification of only one sentence aspect (the sole subject of the appeal), rather than complete sentence dismantling and militates against *de novo* resentencing.

4

interpretation—indicate Circuit recognition of the limited-scope appeal basis and mirroring remand request. *Cf., e.g.*, *United States v. Baker*, 559 F.3d 443, 455 (6th Cir. 2009) (construing the remand as limited where the Circuit directed the district court to, among other things, resentence "in light of the Supreme Court's recent decision in *Begay*"); *United States v. Richardson*, 948 F.3d 733, 739 (6th Cir. 2020) (finding a limited remand where the Circuit remanded "for reconsideration of Richardson's sentence in light of *Johnson v. United States*"). In view of the appellate record context, the Circuit's full grant of the Government's motion (that specifically requested remand for the purpose of safety valve application) confirms its intent to limit this Court to that matter upon resentencing.[7]

For these reasons, viewing the appellate record as a whole and interpreting the Circuit's remand Order in light of it, the Court finds that the chosen language clearly and unmistakably limits the scope of remand, requiring resentencing on the original record. Both parties argued on appeal that the Circuit should remand merely so that this Court could apply the safety valve, and the Circuit unequivocally agreed. Consistent with this progression and posture, the Court resentenced Havens with application of the broadened statutory safety valve, per § 402(b) of the First Step Act and § 3553(f). Havens is thus in precisely the same position that he would have occupied in April 2019, had this Court not then erred and failed to apply the safety valve in his

---

[7] The appellate mandate that this Court resentence Havens "under § 402(b)" is, in the Court's view, the functional equivalent of directing resentencing with application of the (expanded) safety valve. *See United States v. O'Dell*, 320 F.3d 674, 678 (6th Cir. 2003) (resulting in a limited remand where the Circuit remanded "for re-sentencing without application of the safety valve"). Section 402(b) is a mere access provision, acting as a widened gateway to § 3553(f) relief; it is, in effect, meaningless without reference to the statutory safety valve itself. Thus, the Circuit specifically communicated to sentence Havens under the new safety value. This is an equivalence to the limited remand language in *O'Dell*. For remand scope definitional purposes, a mandate to sentence under the safety valve (here) is the same as a mandate to sentence without the safety valve (*O'Dell*).

case.[8] Such a result complies with clear Circuit (and party) intent, per the appeal record, and is a just and fair outcome under the circumstances. The Court's April 2019 mistake should not result in Havens losing, by resulting passage of time, the very relief he won on appeal. Accordingly, the Court declined to conduct a *de novo* resentencing and imposed the 84-month sentence that it otherwise would have, and alternatively justified (*see* DE ##39, 41-1), at the time of Havens's original sentencing.

This the 6th day of July, 2020.

Signed By:

**Robert E. Wier**

**United States District Judge**

---

[8] Consistent with this status quo approach, the Court made no recommendation as to the concurrent or consecutive nature of the intervening (and unrelated) state sentences. *See* DE #61.